# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-10656
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2026

Lyle W. Cayce
Clerk

Paul Douglas Jackson,

*Plaintiff—Appellant*,

*versus*

State of Texas; Tracy Holmes; Gary Stephens;
Faith Johnson; Craig Watkins; Jane Doe; John Doe,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-2727

---

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Paul Jackson, Texas prisoner #01460648, moves to proceed *in forma pauperis* ("IFP") in this appeal of the dismissal of his 42 U.S.C. § 1983 complaint and denial of his motion for reconsideration under Federal Rule of Civil Procedure 59(e). The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10656

117 F.3d 197, 202 (5th Cir. 1997).

The district court denied Jackson's application to proceed IFP in the district court and dismissed after he failed to pay the $405 filing fee. In his Rule 59(e) motion, Jackson claimed that he had paid the fee on October 29, 2024. The district court found that Jackson had failed to provide any "records or statements from his trust fund account to support [his] allegation" and that the court had "not received or processed a filing fee for this case from Jackson or from anyone on Jackson's behalf."

In his IFP brief on appeal, Jackson claims that he paid the fee on December 27, 2024, and that it was "taken" from his inmate trust account on March 24, 2025. His allegation is inconsistent with the allegation he made in his Rule 59(e) motion that he paid it on October 29, 2024. It is also inconsistent with a statement he made in his IFP application dated February 19, 2025, that he was willing and able to pay the fee. Finally, other than his self-serving statements that he paid the fee on December 27, 2024, he fails meaningfully to challenge the finding that the district court had not received a filing fee, and he fails otherwise to present evidence to show that he paid it.

Based on the foregoing, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. This dismissal counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). Jackson is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

2